UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

MELANIE WAINWRIGHT

VERSUS

CITY OF MONROE, LOUISIANA
AND DOREA ELMADIH, DIRECTOR
OF AIRPORT OPERATIONS

CIVIL ACTION NO.

JUDGE

MAGISTRATE JUDGE

JURY DEMAND

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Melanie Wainwright, who respectfully submits this Complaint against Defendant, City of Monroe, Louisiana, and Dorea Elmadih, its Director of Airport Operations, and alleges as follows:

I.

### JURISDICTION AND VENUE

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.; 42 U.S.C. §1981; the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq.; Louisiana Revised Statutes §23:967; and the Louisiana Employment Discrimination Law (LEDL), La. R.S. §23:301 et seq.

2. Jurisdiction is proper in this Court under 28 U.S.C. §1331, as Plaintiff is asserting claims arising under federal law. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

3. Venue is proper in this District under 28 U.S.C. §1391(b), as the events giving rise to these claims occurred within the Western District of Louisiana and Defendant resides here.

Page 1

## II.

## THE PARTIES

4.    Plaintiff, Melanie Wainwright, a Black female, is a resident of Monroe, Louisiana, and has been employed by the City of Monroe, Airport Division since 2017.

5.    Defendants are:

a.    The City of Monroe, Louisiana, a municipality and political subdivision of the State of Louisiana and an employer under all statutes invoked herein.

b.    Defendant, Dorea Elmadih, is an individual of the age of majority domiciled in Louisiana. She is employed by the City of Monroe as the Director of Operations at the City of Monroe Airport. She served as Plaintiff's supervisor during the relevant time period and is sued in her individual capacity for intentional torts committed against Plaintiff.

## III.

## STATEMENT OF FACTS

6.    Plaintiff began her employment with the City in August 2017 as a parking attendant earning $10 per hour. Her rate later increased to $12.51 per hour.

7.    In June 2024, Plaintiff applied for an Administrative Assistant position at the Airport. She later learned in July 2024 that the position was given to Stacey Williams, a white female, who had been informally performing the role before it was posted and had been pre-selected by the supervisor of security and the Airport Director, both white.

8.    Plaintiff was never trained or offered the opportunity to learn the duties of the position, despite her interest and tenure.

9. Plaintiff made a complaint to the City's Human Resources representative in July and again in August 2024, expressing that she had been denied advancement opportunities based on favoritism, race, and retaliation. Plaintiff never received a substantive follow-up.

10. On August 1, 2024, Plaintiff was reassigned back to the parking booth, where she was promised a raise she never received.

11. Since her reassignment, Plaintiff has not been allowed to leave the parking booth for lunch but continues to have 30 minutes deducted from her daily hours. She remains at her post, continues working, and does not have a *bona fide* meal break.

12. As a result, Plaintiff routinely works more than 40 hours per week without being paid for overtime. Her 30-minute "lunch" period does not qualify as a meal break under FLSA regulations.

13. Defendant is a political subdivision of a State and a public agency within the meaning of 29 U.S.C. §203. It is subject to the FLSA and its overtime requirements. Defendant failed to compensate Plaintiff at 1.5 times her hourly rate for hours worked in excess of 40 per week in violation of 29 U.S.C. §207.

14. In August 2024, after Plaintiff's complaints about discriminatory and retaliatory pre-selection, Dorea Elmadih, the supervisor of security, who had been the subject of Plaintiff's complaint to Human Resources, retaliated against Plaintiff, falsely accused Plaintiff of stealing a toaster oven from the parking booth and filed a police report. Plaintiff was read her Miranda rights by a sheriff's deputy but not arrested. The accusation was false, malicious, and retaliatory.

15. The supervisor of security took Plaintiff's employee badge and never reissued a replacement, forcing Plaintiff to clock in at a remote location.

16.    Plaintiff continues to work under sub-standard working conditions and in a retaliatory hostile environment.

17.    Plaintiff filed an EEOC Charge and received a Notice of Right to Sue. This Lawsuit is filed within 90 days of that notice.

18.    The EEOC charge satisfies the written notice requirement under the Louisiana Employment Discrimination Law, La. R.S. 23:303 (C).

IV.

CAUSES OF ACTION

COUNT ONE – RACE DISCRIMINATION (TITLE VII)

Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

19.    Defendant discriminated against Plaintiff in violation of Title VII by denying her promotion, training, and equal pay based on race so a pre-selected white employee could be promoted.

COUNT TWO – RETALIATION (TITLE VII)

Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

20.    Defendant retaliated against Plaintiff for protected activity, including internal complaints and an EEOC charge.  The acts of retaliation included but were not limited to banishing Plaintiff to an isolated job position, falsely and maliciously accusing her of theft, denying her a pay increase, making her work without a meal break and trying to make her quit.

COUNT THREE – RACE DISCRIMINATION

(42 U.S.C. §1981)

Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

21.     Plaintiff was denied advancement, opportunity, and fair treatment under contract due to race, in violation of 42 U.S.C. §1981.

COUNT FOUR – RETALIATION (42 U.S.C. §1981)

Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

22.     Defendant retaliated against Plaintiff for opposing race-based discrimination. The acts of retaliation included but were not limited to banishing Plaintiff to an isolated job position, falsely and maliciously accusing her of theft, denying her a pay increase, making her work without a meal break and trying to make her quit.

COUNT FIVE – RETALIATION (La. R.S. §23:967)

Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

23.     Plaintiff was retaliated against for opposing policies that violated state law and for participating in investigations of allegations of violations of discrimination laws.

COUNT SIX – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(La. Civ. Code art. 2315)

Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

24.     Plaintiff asserts a claim under Louisiana Civil Code article 2315 against Dorea Elmadih, Airport Director of Operations, for intentional infliction of emotional distress.

Defendant Elmadih, acting with intent and malice, falsely accused Plaintiff of criminal conduct, publicly humiliated her by initiating a police investigation, and subjected her to extreme emotional distress in retaliation for her complaints of race discrimination and favoritism.

25.    The conduct was outrageous and exceeded the bounds of decency expected in a civilized society and was done with the specific intent to cause emotional harm.

COUNT SEVEN – MALICIOUS PROSECUTION (La. Civ. Code art. 2315)

Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

26.    Plaintiff asserts a claim under Louisiana Civil Code article 2315 against Dorea Elmadih for malicious prosecution. Defendant Elmadih caused a knowingly false and baseless police report to be filed accusing Plaintiff of theft. Plaintiff was interrogated under threat of arrest, and her reputation was harmed. There was no probable cause for the complaint, and it was filed for retaliatory and malicious reasons.

27.    Defendant acted with malice, and the prosecution terminated without any charges being filed. Plaintiff is entitled to damages for emotional distress, reputational harm, and attorney's fees.

COUNT EIGHT – RACE DISCRIMINATION (LEDL)

Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

28.    Plaintiff was subjected to adverse employment actions based on race in violation of La. R.S. §23:301 et seq.

## COUNT NINE – FAILURE TO PAY OVERTIME (FLSA)

Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

29.    Defendant failed to compensate Plaintiff for hours worked beyond 40 hours per week as required by 29 U.S.C. §207. The 30-minute deducted time constituted compensable work, and Plaintiff is entitled to overtime wages and liquidated damages under 29 U.S.C. §216(b).

## V.

## JURY DEMAND

30.    Plaintiff demands a trial by jury on all claims so triable.

## VI.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, awarding:

a) All available compensatory, consequential, and punitive damages;

b) Back pay, front pay, or reinstatement;

c) Overtime pay and liquidated damages under the FLSA;

d) Pre-judgment and post-judgment interest;

e) Attorney's fees and costs under federal and state law;

f) All other legal and equitable relief to which she is entitled.

Respectfully submitted,

By:    _s/Pamela R. Jones_
Pamela R. Jones, Bar No. 19640

Page 7

Downer, Jones, Marino & Wilhite, LLC
401 Market Street, Suite 1250
Shreveport, LA 71101
Telephone: (318) 213-4444
Facsimile: (318) 213-4445

Attorneys for Plaintiff, Melanie Wainwright